IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM T. ALLEN,<br>      Plaintiff, | )<br>)<br>) | C.A. No. 09-306 Erie |
| v. | )<br>) | |
| ERIE COUNTY PRISON, et al.,<br>      Defendants. | )<br>) | Magistrate Judge Baxter |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Plaintiff Objections to Removal be denied and that this Court retain jurisdiction of this matter.

**II.     REPORT**

    **A.     Relevant Procedural History**

This cause of action was commenced by Plaintiff on or about October 16, 2009, with the filing of a complaint in the Court of Common Pleas of Erie County, Pennsylvania. Named as Defendants are: Erie County Prison ("ECP"); James Veshecco, Warden at ECP ("Veshecco"); Mark A. DiVecchio, former Erie County Executive ("DiVecchio"); Vince Kinnane, Deputy Warden at ECP ("Kinnane"); ECP Corrections Officers James Senyo ("Senyo"), Andrew Smith ("Smith"), Jack Roehm ("Roehm"), Allen Nemi ("Nemi"), and Corporal Niebling ("Niebling") (improperly identified in the Complaint as "Corporal Sabbling"); Selena Penetta, Nursing Supervisor at ECP ("Penetta"); Millcreek Community Hospital ("MCH"); Dr. Milie, a physician contracted to perform medical services for inmates at ECP ("Milie"); Timothy Charity ("Charity") and Kenn Lowmax ("Lowmax"), inmates at ECP; and three unnamed defendants identified as John or Jane Doe, who are intended to represent the director of MCH, an x-ray technician at MCH, and an emergency room nurse at MCH.

On December 8, 2009, Defendants Senyo, Smith, Roehm, Nemi, Niebling, ECP, Veshecco, DiVecchio, and Kinnane filed a Notice of Removal with this Court, claiming that this Court has original jurisdiction of this action because it purports to raise civil rights claims under 42 U.S.C. § 1983. (Document # 1, ¶¶ 2-4).  On December 28, 2009, Plaintiff filed objections to the Notice of Removal, arguing that this case should be remanded back to the Erie County Court of Common Pleas but, nevertheless, acknowledging that the case is "filed under 42 U.S.C. § 1983." (Document # 6, ¶ 3).  Defendant Penetta and Defendants MCH, Milie and the unnamed John/Jane Doe Defendants subsequently filed Consents to Removal with this Court. (Document ## 16, 17).[1]

### B.    Standards of Review

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 114 S.Ct. 1673, 1675 (1994).  See also Dickler v. Cigna Property and Casualty Co. 48 Fed.Appx. 856, 858 (3d Cir. 2002).  It is well established that federal courts are to presume that a cause of action lies outside this limited jurisdiction.  Kokkonen, 114 S.Ct. at 1675, citing Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799). "On a motion to remand, the defendant [the removing party] bears the burden of establishing jurisdiction." Crackau v. Lucent Technologies, 2003 WL 21665135, at * 1 (D.N.J.,2003), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

Title 28 U.S.C. § 1331 provides the district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1441 provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be

---

[1] The Court notes that Defendants Charity and Lowmax have not yet been served with the Complaint and no appearance has been entered on behalf of either Defendant. Although the "Rule of Unanimity" generally requires that all Defendants consent to removal, Lewis v. Rego, Inc., 757 F.2d 66, 68 (3d Cir. 1985), an exception to the consent rule applies to Defendants who have not been served. See Ogletree v. Barnes, 851 F.Supp. 184, 187 (E.D.Pa. 1994), citing, inter alia, Pullman Co. v. Jenkins, 305 U.S. 534, 540-41 (1939).

removable ....") Under 28 U.S.C. § 1446(a), a defendant or defendants desiring to remove any civil action from a state court to a federal district court shall file a notice of removal in the district court containing a short and plain statement of the grounds for removal. The notice of removal must be filed within thirty days after the removing defendant(s) receive the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b).

### C.   Discussion

It is beyond dispute that the removing Defendants timely filed a notice of removal setting forth a short and plain statement of the grounds for removal; namely, that Plaintiff is alleging civil rights violations under 42 U.S.C. § 1983 and is, thus, asserting a claim arising under the Constitution or laws of the United States. As a result, this Court finds that Defendants have met their burden of proving that this Court has original jurisdiction of this action.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's objections to removal [Document # 6] be denied and that this Court retain jurisdiction of this matter..

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 19, 2010